**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5170

TYRONE JOHN DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-94-219)

Submitted: March 21, 1996

Decided: April 4, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael B. Shankle, High Point, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone John Davis pled guilty to conspiracy to distribute more than 50 grams of crack cocaine, 21 U.S.C.A. § 846 (West Supp. 1995), and was sentenced to a term of 140 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing one issue but stating that, in his view, there are no meritorious issues for appeal. Davis has been notified of his right to file a pro se supplemental brief but he has not done so. After a thorough review of the briefs and the record, we affirm the conviction and the sentence.

Davis agreed to sell five ounces of crack to an undercover agent. While the agent and a confidential informant waited for Davis and co-conspirator Leroy Warley to obtain the crack, Davis called the agent several times and finally told him that only four ounces were available. The agent agreed to buy four ounces. Shortly afterward, Warley and another conspirator, Alexandro Barron, appeared with 108.1 grams (gross weight) of crack, slightly less than four ounces. After the sale was completed, Warley and Barron were arrested. Davis was subsequently charged and entered a guilty plea.

In the Anders brief, Davis's attorney questions the calculation of the sentence under the sentencing guidelines. Davis did not contest the facts set out in the presentence report, but argued that he was not responsible for the whole amount of crack sold to the undercover agent. Amounts of drugs distributed by co-conspirators are attributable to a defendant if the distribution was within the scope of the defendant's agreement, foreseeable to him, and in furtherance of the jointly undertaken criminal activity. USSG § 1B1.3(a)(1).* The dis-

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

trict court's determination of the amount of drugs attributable to a defendant is reviewed for clear error. <u>United States v. McDonald</u>, 61 F.3d 248, 255 (4th Cir. 1995). The district court did not clearly err in finding that Davis was accountable for the whole amount because he arranged for the sale to take place.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3